IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI

OXFORD DIVISION

| | |
|---|---|
| GUY JAMES, | ) |
| Plaintiff, | ) ) ) Civil Action, Case No.: 3:17cv027-DMB-JMV |
| v. | ) ) JURY DEMANDED |
| LAZER SPOT, INC., *a Georgia Corporation*, | ) ) ) ) ) |
| Defendant. | ) |

## VERIFIED COMPLAINT FOR VIOLATION OF
## THE FAIR LABOR STANDARDS ACT

**COMES NOW** the Plaintiff, Guy James (hereinafter referred to as "Mr. James," or "Plaintiff"), by and through counsel, and for his Complaint against Defendant, Lazer Spot, Inc., (hereinafter "Defendant"), states as follows:

### NATURE OF THE COMPLAINT

1. Mr. James brings a cause of action under federal law, specifically the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

2. Mr. James brings this action against Defendant, a Georgia Corporation, for unpaid overtime compensation and related penalties and damages.

3. Mr. James is a former employee of Defendant and he alleges that Defendant failed and refused to pay him the statutory required overtime premium for all hours worked over forty in a designated work week.

1

4. Defendant's practices are in direct violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* Mr. James seeks declaratory relief, overtime premiums for all hours worked over forty in any given work week required, suffered, or permitted by Defendant and liquidated and/or other damages as permitted by applicable law; attorneys' fees, costs, and expenses incurred in this action.

5. Defendant's practice and policy is, and has been since on or about December 2, 2013 to willfully fail and refuse to pay an overtime premium due and owing to Mr. James in violation of the FLSA.

6. Defendant institutes and carries out an unlawful policy and practice of refusing to pay Mr. James overtime for all hours worked in any given work week over forty, notwithstanding the fact that he as a non-exempt employee entitled to an overtime premium under the FLSA.

7. From approximately December 2, 2013 to October 31, 2016, Mr. James worked approximately ten (10) to twenty (20) overtime hours per week without receiving an overtime premium.

**PARTIES**

8. Mr. James is an adult resident of Memphis, Shelby County, Tennessee.

9. Mr. James was an employee of Defendant for FLSA purposes.

10. At all relevant times complained of herein, Defendant was an employer under 29 U.S.C. § 203(e)(1).

11. Defendant is a corporation organized under the laws of the State of Georgia with a place of business in Southaven and Olive Branch, DeSoto County Mississippi, and may be

2

served through its registered agent Corporation Service Company, 5760 I-55 North, Suite 150, Jackson, MS 39211.

## JURISDICTION AND VENUE

12. This action for damages is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* This Court has federal question subject matter jurisdiction pursuant to 29 U.S.C. §§ 216(b) and 217.

13. Defendant is a legal entity and has sufficient minimum contacts with the State of Mississippi such that they are subject to service of process in Mississippi. Therefore, this Court has personal jurisdiction over Defendants.

14. Defendant does business in the Oxford Division of Mississippi. Furthermore, a substantial part of the events giving rise to Mr. James' claims occurred in the Northern District-Oxford Division of Mississippi. Thus, pursuant to 28 U.S.C. § 1391(b), venue for this action properly lies in the Northern District-Oxford Division of Mississippi.

## FACTUAL BACKGROUND

15. Defendant formerly employed Mr. James, with Mr. James' employment beginning in approximately December 2, 2013.

16. Defendant hired Mr. James as a spotter or yard driver.

17. Mr. James drove trailers back and forth from the yard to the dock behind a fenced in area at Defendant's facility.

18. Mr. James was not a driver, driver's helper, loader, or mechanic as defined by the FLSA regulations.

3

19. Except on less than ten (10) occasions, during his nearly three year employment Mr. James did not participate in interstate commerce within the meaning of the Motor Carrier Act ("MCA").

20. Except on less than ten (10) occasions, during his nearly three year employment, Mr. James worked only on private property on Defendant's premises.

21. Except on less than ten (10) occasions, during his nearly three year employment, Mr. James did not drive on any public roads or interstate highways.

22. Except for on less than ten (10) occasions, during his nearly three year employment, Mr. James was not required by Defendant to ride in a motor vehicle in interstate or foreign commerce.

23. Mr. James was not required by Defendant to properly load motor vehicles so that they may operate safely on highways or interstates.

24. Mr. James only moved already loaded trailers.

25. Mr. James did not perform inspection, adjustment, repair, or maintenance on Defendant's motor vehicles.

26. Mr. James did not install, adjust, repair, or maintain any parts on Defendant's motor vehicles.

27. Except for on less than ten (10) occasions, during his nearly three year employment, Mr. James' work did not directly affect the safety of operation of motor vehicles in transporting property in interstate or foreign commerce on the public highways.

28. Except for on less than ten (10) occasions, during his nearly three year employment, Mr. James was not expected by Defendant to make a trip on the interstate or work on a motor vehicle to affect safety.

29. Defendant failed and refused to pay Mr. James an overtime premium for all hours worked over forty (40) in any given work week.

30. Mr. James was a non-exempt employee.

31. Mr. James was paid his regular hourly rate of pay, regardless of the number of hours he worked.

32. Defendant did not pay Mr. James an overtime premium.

33. Mr. James routinely worked more than forty (40) hours in a given work week.

34. Mr. James did not supervise employees.

35. Mr. James was not responsible for determining employees' pay rates and work hours.

36. Mr. James did not maintain the company's production or sales records to use in supervision or control of Defendant's employees.

37. Mr. James was not responsible for evaluating Defendant's employees' productivity and job performance or their raises or promotions.

38. Mr. James did not discipline Defendant's employees.

39. Mr. James was not in charge of resolving employee complaints.

40. Mr. James was not responsible for deciding what kind of materials, products, supplies, machinery or tools would be bought and used by Defendant.

41. Mr. James did not control the flow and distribution of materials, products, supplies, machinery, or tools to be bought and used by Defendants.

42. Mr. James was not responsible for the safety of the employees and property of Defendant.

43. Defendant refused to pay Mr. James one and one half times his regular rate (overtime premium) for all hours worked over forty (40) in any given work week.

44. Defendant required Mr. James to work fifty (50) to sixty (60) hours per week.

45. Defendant did not compensate Mr. James with an overtime premium for any hours worked over forty (40).

46. Defendant told Mr. James which work assignments to complete, when they had to be completed, and how work should be performed.

47. Defendant had the power to hire and fire Mr. James.

48. Defendant controlled the number of hours Mr. James worked, the rate, and the method of his payment.

49. Mr. James was paid his hourly rate of $16.50 for all hours worked.

## COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

50. Mr. James re-alleges and incorporates herein the allegations contained in Paragraphs 1 through 49 as they were set forth fully herein.

51. Upon information and belief, at all relevant times, Defendant has been, and continues to be, an "employer" engaged in the interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

52. Upon information and belief, at all relevant times, Defendant employed Mr. James.

53. Upon information and belief, at all relevant times, Defendant has gross operating revenues in excess of $500,000.00 (Five Hundred Thousand Dollars).

54. The FLSA requires each covered employer, such as Defendant, to compensate all non-exempt employees for all hours worked at an hourly rate and compensate all non-exempt employees at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a work week.

6

55. Mr. James was not exempt from the right to receive overtime pay or to be paid for all hours worked under the FLSA, under the Motor Carrier Act or any other FLSA exemption.

56. Mr. James was entitled to be paid overtime compensation for all hours worked over forty in a given work week.

57. As a result of Defendant's failure to compensate Mr. James at a rate of not less than one and one-half times the regular rate of pay for all work performed in excess of forty hours in a work week, Defendant violated the FLSA, including 29 U.S.C. § 207(a)(1) and § 206(a).

58. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

## **PRAYER FOR RELIEF**

WHEREFORE, Mr. James prays for relief as follows:

1. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

2. Pre-Judgment interest, as provided by law;

3. An award of money damages for unpaid wages, including liquidated damages, front pay, back pay and compensatory damages, and penalties in an exact amount to be determined at trial;

4. Award him costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees; and

5. Any and all such other and further legal and equitable relief as this Court deems necessary, just and proper.

## DEMAND FOR JURY TRIAL

Mr. James hereby demands a jury trial on all causes of action and claims with respect to which he has a right to jury trial.

Dated: February 9, 2017

Respectfully submitted,

/s/ Bailey G. Hill
Bailey G. Hill, MS Bar No. 105224
THE CRONE LAW FIRM, PLC
88 Union Avenue, 14th Floor
Memphis, TN 38103
800.403.7868 (voice)
901.737.7740 (voice)
901.474.7926 (fax)
bhill@cronelawfirmplc.com

*Attorneys for Plaintiff*

## DECLARATION AND VERIFICATION

I, Guy James, verify and declare that the facts stated in the foregoing Verified Complaint for Violation of the Fair Labor Standards Act to the best of my knowledge and belief are true, and that the Complaint is not made out of levity or by collusion with the Defendants, but in sincerity and truth for the causes mentioned in the Complaint.

_____
Guy James

Date: 2-1-17