# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

GUY JAMES                                                                                                   PLAINTIFF

V.                                                                         NO. 3:17-CV-27-DMB-JMV

LAZER SPOT, INC., a Georgia
Corporation                                                                      DEFENDANT

## ORDER

On December 15, 2017, Lazer Spot, Inc., the defendant in this Fair Labor Standards Act case, filed a "Joint Stipulation of Dismissal with Prejudice." Doc. #33. The document, which is signed by counsel for Lazer Spot and for Guy James, the plaintiff, purports to "stipulate to dismissal of this lawsuit in its entirety." *Id*.

The FLSA was enacted to "protect certain groups of the population from substandard wages and excessive hours which endangered the national health and well-being and the free flow of goods in interstate commerce." *Brooklyn Sav. Bank v. O'Neil,* 324 U.S. 697, 706 (1945). "In light of the FLSA's recognition of unequal bargaining power between employers and employees, the Supreme Court has concluded that the FLSA forbids waiver of the right to statutory wages or to liquidated damages." *Bodle v. TXL Mortg. Corp.*, 788 F.3d 159, 162–63 (5th Cir. 2015) (citing *O'Neil*, 324 U.S. at 706–08). "Accordingly, many courts have held that, in the absence of supervision by the Department of Labor or scrutiny from a court, a settlement of an FLSA claim is prohibited." *Id*. at 164–65 (internal citations omitted) (collecting cases).

Although the cases cited above concern the issue of whether a private FLSA settlement is enforceable, in considering FLSA's underlying purpose, it has been held that "[Rule 41] stipulated dismissals settling FLSA claims with prejudice [also] require the approval of the district court or

the DOL to take effect." *Cheeks v. Freeport Pancake House*, 796 F.3d 199, 206 (2d Cir. 2015). As such, a Rule 41 stipulation on a FLSA wages claim is subject to the same review as a FLSA settlement.

In reviewing FLSA settlements, courts, relying on the Eleventh Circuit's reasoning in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982), generally require that "the compromise reached [be] a fair and reasonable resolution of a bona fide dispute over FLSA provisions rather than a mere waiver of statutory rights brought about by an employer's overreaching." *See, e.g., Kraus v. PA Fit II, LLC*, 155 F.Supp.3d 516, 522–23 (E.D. Pa. 2016) (collecting cases) (internal quotation marks omitted). However, in *Martin v. Spring Break '83 Products, LLC*, 688 F.3d 247 (5th Cir. 2012), the Fifth Circuit "excepted ... from this general rule ... unsupervised settlements that are reached due to a bona fide FLSA dispute over hours worked or compensation owed." *Bodle*, 788 F.3d at 165.

"The primary difference between the *Lynn's Food* and *Martin* standards is the timing of the judicial scrutiny." *Kraus*, 155 F.Supp.3d at 528. While *Martin* allows a court to enforce a settlement after it has been executed, *Lynn's Food* holds "that ex ante judicial scrutiny of a private FLSA settlement is required." *Id*. at 528–29. Notwithstanding this difference of timing, "consistent with *Lynn's Food,* [*Martin*], in essence, scrutinized the terms of the agreement at issue to ensure that they were fair and did not undermine the goals of the FLSA." *Id*. at 528.

Here, the parties have not submitted a copy of their settlement agreement or otherwise advised the Court of the terms of the resolution reached. In the absence of such, the Court is unable to determine whether there is a bona fide dispute or that the resolution reached reflects a fair and reasonable settlement of such a dispute. The stipulation, therefore, is ineffective.

2

Accordingly, within fourteen (14) days of this order, the parties shall (1) file a copy of the settlement agreement; and (2) if there is a bona fide dispute as to the wages claim, show cause why the proposed resolution is fair and reasonable.

**SO ORDERED**, this 16th day of January, 2018.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**